MEMORANDUM **
Elisabeth Green appeals pro se from the district court’s order dismissing her action brought under 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir.2004) (lack of personal jurisdiction); Miller v. Yokohama Tire Corp., 358 F.3d 616, 619 (9th Cir.2004) (failure to state a claim). We may affirm on any ground supported by the record. Forest Guardians v. U.S. Forest Serv., 329 F.3d 1089, 1097 (9th Cir.2003). We affirm.
The district court properly dismissed Green’s claims against Sevier County, Davis, Mathews, Lee, Cash, and various Doe defendants because Green failed to demonstrate that the district court had personal jurisdiction over these non-resident defendants. See Schwarzenegger, 374 F.3d at 800 (explaining that the plaintiff bears the burden of demonstrating that jurisdiction is appropriate); Ziegler v. Indian River County, 64 F.3d 470, 474 (9th Cir.1995) (concluding that the district court lacked personal jurisdiction over the non-resident county).
The district court properly dismissed Green’s Bivens claim against the Tennessee Valley Authority. See FDIC v. Meyer, 510 U.S. 471, 484-86, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (explaining that a Bivens action cannot be brought against a federal agency).
Green’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.